IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED

JAN 1 4 2026

Clerk, U.S. District Court
Texas Eastern

UNITED STATES OF AMERICA           §
                                   §
v.                                 §       No. 4:26CR 2
                                   §       Judge
JERSON LOPEZ-SANCHEZ               §          ALM / BD
                                   §
                                   §

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

1.  Defendant **Jerson Lopez-Sanchez** is an illegal alien.

2.  **Jerson Lopez-Sanchez** is a citizen of Honduras and has never applied for lawful admission into the United States.

3.  On December 1, 2025, **Jerson Lopez-Sanchez** was found illegally present in the United States by federal agents with the United States Immigration and Customs Enforcement agency in Lewisville, Texas, Eastern District of Texas.

4.  On that date, ICE agents were on patrol in the city of Dallas when they requested a routine check of the registration for a Chevrolet Silverado (hereinafter "Suspect Vehicle") with five occupants inside.

5.  Following a search of the registration information and ICE internal systems, the agents learned that the driver and owner of the Suspect Vehicle was subject

LOPEZ-SANCHEZ - INDICTMENT - Page 1

to immigration enforcement, specifically that one **Jerson Lopez-Sanchez** was a foreign national who had no legal entries or applications for lawful status.

6.    After receiving this information, the agents continued to follow the Suspect Vehicle north-bound on I-35E with the goal of finding a safe place to initiate a traffic stop for suspect driver, **Jerson Lopez-Sanchez's**, arrest.

7.    The agents were in three separate vehicles: a Ford Expedition (hereinafter "Expedition"), a Jeep SUV (hereinafter "Jeep"), and a Chrysler minivan (hereinafter "Chrysler van").  All three ICE vehicles were equipped with red and blue emergency lights which were activated at the time of the stop.

8.    The initial traffic stop occurred in the 2400 block of S. Stemmons Fwy, Lewisville, TX, an address located in the Eastern District of Texas.

9.    The Suspect Vehicle took the Round Grove Road and Hebron Parkway exit and appeared to be yielding to the clear red and blue emergency lights on the service road by slowing its speed and activating the Suspect Vehicle's hazard lights.

10.    The Chrysler van positioned itself at the front of the Suspect Vehicle, the Expedition pulled to the passenger side of the Suspect Vehicle, and the Jeep positioned itself at the rear of the vehicle, in order to effectuate a safe traffic stop and attempt to ensure that the suspect could not flee.

11.    Agents, all wearing clearly marked law enforcement vests with police identifying insignia on both front and back of the vests, as well as law enforcement badges, began exiting their vehicles and giving clear verbal commands of "Police!" and "Stop!"

LOPEZ-SANCHEZ - INDICTMENT - Page 2

## ASSAULT ON FEDERAL OFFICERS

12.      **Jerson Lopez-Sanchez** then suddenly placed the truck in reverse and rammed the approximate 5,500-plus-pound vehicle loaded with heavy equipment and ladders into the Jeep at its rear.







13.  The ICE agent in that SUV had one leg out of his vehicle and on the ground when the driver rammed the Jeep and jolted him backwards.  This agent had to quickly jump back into his vehicle to avoid serious injury.

14.  This created enough space for **Jerson Lopez-Sanchez** to maneuver the truck around the law enforcement vehicles and begin a dangerous pursuit during morning rush hour traffic in a heavily populated area.

15.  The agent driving the Expedition, with his red and blue flashing lights still initiated, now also activating his sirens during the pursuit, began pursuit of the Suspect Vehicle as it evaded law enforcement.

16.  The agents in the Chrysler van noticed **Jerson Lopez-Sanchez** turn on a side road that would lead it back to the service road and eventually the highway.  The agents in the Chrysler van positioned themselves perpendicularly to attempt to block **Jerson Lopez-Sanchez** from fleeing and encourage him to stop his vehicle.

17.  The Chrysler van still had the red and blue flashing lights initiated and was still attempting to conduct a lawful traffic stop of **Jerson Lopez-Sanchez**.  The Expedition was still behind the Suspect Vehicle, with both lights and sirens initiated.

18.  **Jerson Lopez-Sanchez** made no attempts to apply the brakes to his vehicle as he approached the two ICE agents in the Chrysler van and crossed over opposite lanes of traffic.

19.  Instead, **Jerson Lopez-Sanchez** weaponized his 5,500-plus-pound vehicle and dangerously accelerated into the ICE agents in the Chrysler van, causing significant

damage and smoke to rise from the hood, and also causing all front airbags to deploy.








20.    The ICE agent in the front passenger seat of the Chrysler van sustained

bodily injury to his knees and his neck.  Injured, he was able to exit the van quickly out

of concern from the rising smoke.  This agent immediately called 911 for assistance from local authorities and emergency personnel.

21.     The agent driving the Chrysler van was able to pursue the Suspect Vehicle on foot for a brief distance, with gun drawn and yelling verbal commands for **Jerson Lopez-Sanchez** to stop, but **Jerson Lopez-Sanchez** continued to evade in the truck.

22.     The manner in which the Suspect Vehicle was used, by **Jerson Lopez-Sanchez**, was a deadly and dangerous weapon capable of inflicting death or bodily injury.

## CONTINUED PURSUIT AS SUSPECT FLEES

23.     The agent in the Expedition continued pursuit in his vehicle, with both lights and sirens activated, utilizing his P.A. system to yell commands in both English and Spanish.  **Jerson Lopez-Sanchez** continued to evade for approximately 10 minutes and over five miles into the 800 block of East Valley Ridge Boulevard, in Lewisville.  At that location, **Jerson Lopez-Sanchez** stopped the Suspect Vehicle halfway on a median and all five occupants fled the truck by foot.

24.     Three of the five occupants were ultimately detained after foot pursuits and with the help of other civilians.  One of the occupants detained was Elias Mejia-Sanchez, a relative of **Jerson Lopez-Sanchez,** who positively identified and confirmed that the driver of the Silverado was his nephew, **Jerson Lopez-Sanchez**.  Mejia-Sanchez was also confirmed to be a citizen of Honduras and in the United States illegally.  A second occupant detained also told agents that the driver's name was "Jerson."

25.    As of the date of this indictment, **Jerson Lopez-Sanchez** remains at large and has not turned himself in.

26.    Paragraphs 1 through 25 are incorporated in each Count of this Indictment.

## Count One

> Violation: 18 U.S.C. § 111(b)
> (Assaulting, Resisting, or Impeding
> Certain Officers or Employees)

27.    On or about December 1, 2025, in the Eastern District of Texas, the defendant, **JERSON LOPEZ-SANCHEZ**, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. §1114, to wit: M.S.C., a federal agent with the United States Immigration and Customs Enforcement agency, while M.S.C. was engaged in performance of his official duties, and did thereby inflict bodily injury upon M.S.C., by striking and driving defendant's motor vehicle, a dangerous and deadly weapon, into the motor vehicle occupied by M.S.C., in violation of 18 U.S.C. § 111(b).

## Count Two

> Violation: 18 U.S.C. § 111(b)
> (Assaulting, Resisting, or Impeding
> Certain Officers or Employees)

28.    On or about December 1, 2025, in the Eastern District of Texas, the defendant, **JERSON LOPEZ-SANCHEZ**, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. §1114, to wit: C.A.,  a federal agent with the United States Immigration and Customs

Enforcement agency, while C.A. was engaged in performance of his official duties, by striking and driving defendant's motor vehicle, a dangerous and deadly weapon, into the motor vehicle occupied by C.A., in violation of 18 U.S.C. § 111(b).

### Count Three

Violation: 18 U.S.C. § 111(a)
(Assaulting, Resisting, or Impeding
Certain Officers or Employees)

29.    On or about December 1, 2025, in the Eastern District of Texas, the defendant, **JERSON LOPEZ-SANCHEZ**, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. §1114, to wit: S.R., a federal agent with the United States Immigration and Customs Enforcement agency, while S.R. was engaged in performance of his official duties, and with the intent to commit another felony, namely Evading in a Motor Vehicle, in violation of Texas Penal Code § 38.04(b)(2), in violation of 18 U.S.C. § 111(a).

A TRUE BILL.

_SD._
_____
GRAND JURY FOREPERSON

JAY COMBS
UNITED STATES ATTORNEY


_Calli Bailey_
_____          Date: _1/14/2026_
CALLI BAILEY
Assistant United States Attorney

LOPEZ-SANCHEZ - INDICTMENT - Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:26CR |
| | § | Judge |
| JERSON LOPEZ-SANCHEZ | § | |
| | § | |
| | § | |

## NOTICE OF PENALTY

## Count One through Three

Violation:     18 U.S.C. § 111

Penalty:     Where the acts in violation of this section constitute only simple assault, imprisonment not more than one year, a fine not to exceed $250,000 or both; and a term of supervised release not to exceed one year;

Or where such acts involve physical contact with the victim of that assault or the intent to commit another felony, imprisonment not more than 8 years, a fine not to exceed $250,000, or both; and a term of supervised release not to exceed three years;

Or whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both; and a term of supervised release not to exceed five years.

Special Assessment: $100.00

LOPEZ-SANCHEZ - NOTICE OF PENALTY